# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LEVIKA GRAY-KOYIER, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No.: RDB-17-1409 |
| GLADDING CHEVROLET, INC., | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Levika Gray-Koyier ("Plaintiff" or "Gray-Koyier"), an African-American female practicing the Jewish faith, originally filed a five-count complaint against Defendant Gladding Chevrolet, Inc. ("Defendant" or "Gladding"), Plaintiff's former employer, for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, Maryland Fair Employment Practices Act ("FEPA"), Md. Code, State Gov't §§ 20-266(a), and wrongful discharge. Gray-Koyier is now proceeding *pro se*.[1] Currently pending before this Court is Defendant's Motion to Dismiss Count I, alleging race, sex, and gender discrimination, and Count III, alleging failure to provide reasonable accommodation.[2] (ECF No. 4.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 4) is GRANTED and Plaintiff Gray-Koyier's claims are DISMISSED.

---

[1] Initially, Gray-Koyier's counsel filed her Complaint and Response in Opposition to Defendant's Motion to Dismiss. However, on October 4, 2017, Gray-Koyier's counsel filed a Motion to Withdraw as Attorney, ECF No. 11, which this Court granted, ECF No. 12.

[2] In her Response to Defendant's Motion to Dismiss, Gray-Koyier abandoned Counts II, IV, and V. (ECF No. 8.) Accordingly, this Court only considers Counts I and III.

1

## BACKGROUND

When reviewing a Motion to Dismiss, this Court accepts as true the facts alleged in Plaintiff's Complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (2011). Although Plaintiff Levika Gray-Koyier was initially represented by counsel when she filed her Complaint, she now is proceeding *pro se* and this Court accords her pleadings liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[3] In November of 2011, Gray-Koyier, an African-American female practicing the Jewish faith, became employed as a Customer Relations Manager at Gladding Chevrolet at the J.B.A. Infinity Facility. (Compl., ECF No. 1 at ¶¶ 7, 12.) In addition to Gray-Koyier, there was another employee at Gladding practicing the Jewish faith, Rich Robbins ("Robbins"), who is a Caucasian male. (*Id.* at ¶¶ 19, 20.) During her employment, Gray-Koyier reported directly to the General Manager at Gladding, Dan Maytsek ("Maytsek"). (*Id.* at ¶ 17.) "All time off requests were submitted to Mr. Maytsek." (*Id.*)

Gray-Koyier requested leave for October 1, 2012, to observe the first day of Sukkot.[4] (*Id.* at ¶ 21.) She subsequently did not come to work on that day. (*Id.* at ¶ 22.) When Gray-Koyier returned to work on October 2, 2012, she received a formal written reprimand for failing to come to work. (*Id.* at ¶ 23.) Although Robbins also did not go to work on October 1, 2012, he did not receive a written reprimand. (*Id.* at ¶¶ 24-25.) When Gray-Koyier asked why she was treated differently, she was told not to worry about other employees. (*Id.* at ¶

---

[3] This liberal construction is being accorded to Gray-Koyier even though the original Complaint was in fact drafted by her former lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document *filed pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings *drafted by lawyers*.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (emphasis added)).

[4] Sukkot is a weeklong festival recognized by the Jewish faith to commemorate the sheltering of the Israelites in the wilderness. (ECF No. 1 at ¶ 18.)

25.) Gray-Koyier alleges that even though she offered to make up any missed hours for times she observed Jewish holidays, her hours were reduced and she received verbal reprimands and other disciplinary measures. (*Id.* at ¶¶ 26-27.) Grey-Koyier was allegedly told that as a Christian owed company, Gladding only observed Christian holidays. (*Id.* at ¶ 28.)

Over one year later, on or around November 1, 2012, Gray-Koyier was fired by Maytsek. (*Id.* at ¶ 29.) Almost ten months later, on August 26, 2013, Gray-Koyier filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Gladding discriminated against her based on her race, religion, and gender (the "Charge").[5] (*Id.* at ¶ 14.) On June 26, 2014, the EEOC mailed Gray-Koyier a Dismissal and Notice of Rights stating that the EEOC was "unable to conclude that the information obtained established violation of the statutes" and informing Gray-Koyier that she had the right to file suit within ninety days of receiving the notice. (ECF No. 8-2 at 6.) Shortly thereafter, the EEOC sent Gray-Koyier a letter indicating that it was reopening her investigation, *Id.* at 9, and another letter asking Gray-Koyier to resubmit her Charge, *Id.* at 11.[6] Gray-Koyier then resubmitted her Charge. (*Id.* at 13.) On February 16, 2017, the EEOC mailed Gray-Koyier a second Dismissal and Notice of Rights. (*Id.* at 19.) On May 22, 2017, Gray-Koyier filed the instant action. (ECF No. 1.)

**STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.

---

[5] As discussed below, it is uncertain exactly when Plaintiff filed her EEOC Charge. However, both of the parties agree that the operative date for exhaustion requirements discussed below is August 26, 2013.
[6] The letter indicated that the EEOC had misplaced her initial Charge. ECF No. 8-2 at 11.

3

R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To satisfy Rule 8(a)(2), a complaint need not include "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a plaintiff must plead more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555. A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Hall v. DirectTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). However, a court is not required to accept legal conclusions drawn from those facts. *Iqbal*, 556 U.S. at 678. "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Society Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

While ruling on motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendant's Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge and related documents. *See Stennis v. Bowie State Univ.*, 236 F.Supp.3d 903, 907 n. 1 (D. Md. 2017) (explaining that "the EEOC charge and its related documents are integral to the Complaint"); *Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at *3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint." (citations omitted)).

## ANALYSIS

Defendant argues that Plaintiff Gray-Koyier's Title VII claims should be dismissed because Plaintiff failed to exhaust her administrative remedies. As this Court has recently noted, failure to exhaust administrative remedies strips this Court of jurisdiction to resolve the claims. *Sillah v. Burwell*, 244 F.Supp.3d 499, 507 (D. Md. 2017) (explaining that the plaintiff's failure to exhaust her administrative remedies under Title VII deprived the court of subject matter jurisdiction over her claim); *Balas v. Huntington Ingalls Indus. Inc.*, 711 F.3d 401, 406 (4th Cir. 2013) ("[F]ederal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies." (citing *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009))). Therefore, this Court first addresses whether Plaintiff exhausted her administrative remedies.

## I.    Administrative exhaustion

Before bringing a Title VII discrimination claim in federal or state court, a plaintiff must meet certain statutory requirements. First, Title VII requires that a plaintiff file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful employment practice occurred." *Id.* In Maryland, a deferral state,[7] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). If the EEOC dismisses the charge, a plaintiff has ninety days from receiving his or her notice of dismissal and right to sue letter to file an action in court. 42 U.S.C. § e-5(f)(1). Finally, a

---

[7] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

plaintiff's suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). This Court addresses whether Plaintiff met these requirements in turn.

### A. Plaintiff timely filed her EEOC Charge

In Maryland, a plaintiff must file a charge with the EEOC within 300 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); *R&R Ventures*, 244 F.3d at 338. The record is not clear as to the exact date in August of 2013 that Gray-Koyier filed her EEOC Charge.[8] Plaintiff claims that she filed her initial charge on August 13, 2013. (ECF No. 8-1 at 1; ECF No. 8-2 at 2.) Then, on June 26, 2014, the EEOC notified Plaintiff that her charge was dismissed and she had the right to sue. (ECF No. 8-2 at 6.) A week later, on July 3, 3014, the EEOC informed Gray-Koyier that it was reopening her investigation and revoking her right to sue. (ECF No. 8-2 at 9.) In a letter purportedly mailed soon thereafter,[9] the EEOC asked Plaintiff to resubmit a copy of her original Charge. (ECF No. 8-2 at 11.) Plaintiff claims that the charge she resubmitted is the one dated August 26, 2013. (ECF No. 8-1 at 1; ECF No. 8-2 at 13.) Plaintiff offers no explanation for why the two charges have different dates.

Initially in Defendant's Memorandum in Support of its Motion to Dismiss, Defendant cited August 26, 2013 as the filing date for Plaintiff's Charge. (ECF No. 4-1 at 10.) In its Reply to Plaintiff's Response, however, Defendant argues that because the Charge dated August 26, 2013 was not "generated" until sometime after the EEOC notified Plaintiff that it was reopening her investigation on July 3, 2014, the filing date for Plaintiff's charge

---

[8] The Complaint alleges that Plaintiff filed her EEOC Charge on or around August 13, 2013. (ECF No. 1 ¶ 14.) Defendant, in support of its Motion to Dismiss, attached a charge from the Plaintiff dated August 26, 2013. Then in her Opposition, Plaintiff attached two copies of her Charge, one dated August 13, 2013 and one dated August 26, 2013. (ECF No. 8-1.)

[9] The letter does not contain a date. ECF No. 8-2 at 11.

7

cannot be before July 3, 2014. However, the reopening of Gray-Koyier's case in 2014 was still based on the allegedly discriminatory conduct asserted in Plaintiff's charge on August 26, 2013. Therefore, that is the operative date from which to apply the 300 day rule. Accordingly, alleged discriminatory action occurring *after* October 30, 2012, i.e. within that 300 day time period, has been timely claimed.[10]

Therefore, Gray-Koyier's termination on November 1, 2012 falls within the 300 day window. In addition to being terminated, however, Plaintiff supports her claims with allegations that she received a written reprimand on October 2, 2012, and was subject to a "reduction in hours, verbal reprimands, and other disciplinary measures." (ECF No. 1 at ¶¶ 23, 26.) Plaintiff argues that this Court may consider these untimely incidents under the "continuing violation" doctrine. This doctrine "permits 'incidents outside of the statutory period to survive if they relate to a 'timely incident as a series of separate but related acts' amounting a continuing violation.'" *Karim v. Staples*, 210 F.Supp.2d 737, 749 (D. Md. 2002) (quoting *Lambert v. Washington Suburban Sanitary Comm'n*, 93 F.Supp.2d 639, 642 (D. Md. 2000) (internal quotations omitted)). However, "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *National Railroad Passenger Corp v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061 (2002). In *Morgan*, the United States Supreme Court specifically identified "termination, failure to promote, denial of transfer, [and] refusal to hire" as discrete acts, *Id.* at 114, 122 S.Ct. at 2073, but also

---

[10] While Plaintiff acknowledges that using the August 13, 2013, date would result in an earlier cut off, ECF No. 8-1 at n.1., her arguments regarding timeliness also use August 26, 2013 as the operative date. (ECF No. 8-1 at 7-9.)

indicated that "'discrete discriminatory acts' is a very broad category." *Lewis v. Norfolk Southern Corp.*, 271 F.Supp.2d 807, 813 (E.D. Va. 2003).

Gray-Koyier argues that the continuing violation doctrine applies to her time barred incidents of the written reprimand and "reduction in hours, verbal reprimands, and other disciplinary measures" because these incidents themselves do not constitute adverse action.[11] (ECF No. 8-1 at 9.) That is not, however, the relevant inquiry. This Court has declined to apply the continuing violation doctrine to incidents falling outside of the 300 day period even when the prior incidents did not themselves amount to adverse employment action. *See Blount v. Dept. of Health and Human Services*, 400 F.Supp.2d 838, 842 (D. Md. 2004) (finding that denial of a cash award, denial of a promotion, cancellation of a planned meeting, and an incident where the plaintiff was verbally criticized were all discrete acts which could not be classified as a continuing violation); *see also Battle v. Burwell*, No. PWG-14-2250, 2016 WL 4993294, at *6 (D. Md. Sept. 19, 2016) (declining to extend the continuing violation doctrine to alleged discrimination in a performance evaluation because it was a discrete act).

Rather, the relevant determination is that allegations involving reprimands and reduction in hours are allegations of discrete acts. *See White v. City of Annapolis (MD)*, No. JFM-13-1330, 2015 WL 5009853, at *12 (D. Md. Aug. 21, 2015), *aff'd sub nom.* 639 Fed. App'x 209 (4th Cir. 2016) (finding that the plaintiff's alleged discriminatory or retaliatory reprimand was a discrete act); *see also Staley v. Gruenberg*, No. l:12-CV-530, 2013 WL 12096490, at *8 (E.D. Va. May 10, 2013), *aff'd*, 575 Fed. App'x 153 (4th Cir. 2014) ("As a

---

[11] One requirement of establishing a *prima facie* case of discrimination under Title VII is showing that a plaintiff was subjected to an adverse employment action. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007). An adverse employment action is one that "'adversely affect[s] the terms, conditions or benefits of the plaintiff's employment.'" *Id.* (quoting *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375 (4th Cir. 2004)).

9

result, the Court is precluded from considering Plaintiff's reprimands as a basis for Plaintiff's discrimination and retaliation claims due to her failure to exhaust these discrete acts."); *Huggins v. N.C. Dep't of Admin.*, No. 5:10-cv-414-FL, 2013 WL 5201033 (E.D.N.C. Sept. 13, 2013) (finding that written warnings, denial of leave requests, performance evaluations, and suspension are incidents of discrete acts). Therefore, the continuing violation doctrine does not apply and Plaintiff failed to exhaust her discrimination claims based on the reprimands, reduction in hours, and other disciplinary acts.

Accordingly, to the extent that Count I and III are based on those actions, they are dismissed for lack of subject matter jurisdiction. *See Malik v. Sebelius*, 964 F.Supp.2d 531, 541 (D. Md. 2013) (explaining that the incidents that transpired outside the relevant time period could not form the basis for the plaintiff's discrimination claim). This Court proceeds analyzing Plaintiff's discrimination claims based solely on conduct occurring on or after October 30, 2012.

**B. Plaintiff timely filed her suit**

Once a plaintiff receives notice that the EEOC has dismissed a charge and he or she has the right to sue, a plaintiff must file suit within ninety days of receiving the notice. 42 U.S.C. § 2000e-5(f)(1); *Davis v. N.C. Dep't of Corr.,* 48 F.3d 134, 140 (4th Cir.1995). When the date on which the right to sue letter was received is disputed or unknown, the "mailbox rule" of Federal Rule of Civil Procedure 6(d) applies and the court assumes that the letter arrived at the plaintiff's home three days after it was mailed. Fed. R. Civ. Proc. 6(d); *McCleary-Evans v. Maryland Dept. of the Environment*, No. JKB-12-2928, 2013 WL 1890734, at

*1 (D. Md. May 3, 2013) (explaining that the mailbox rule allows a plaintiff to file suit within ninety-three days of when the EEOC letter is mailed).

Defendant argues that the mailbox rule does not apply in this case because the date when Plaintiff received the notice is not unknown or disputed. Rather, Plaintiff merely failed to disclose the date upon which she received the letter. However, the mailbox rule also applies when a plaintiff fails to indicate when he or she received the right to sue letter. *See Pledger v. Fairfax Cty.*, No. 3:13-CV-740-JAG, 2014 WL 2040068, at *1 (E.D. Va. May 16, 2014), *aff'd sub nom,. Pledger v. Cty.,* 585 Fed. App'x 156 (4th Cir. 2014) ("Because [the plaintiff] does not provide the Court with a firm date of receipt, the Court will apply Federal Rule of Civil Procedure 6(d)'s catch-all rule of computation 'to conclude that the right-to-sue letter arrived at [the plaintiff's] home three days after it was mailed.' (quoting *Beale v. Burlington Coat Factory,* 36 F.Supp.2d 702, 704 (E.D.Va.1999))); *see also Rowe v. N. Carolina Agr. & Tech. State Univ.*, 630 F.Supp.2d 601, 606 (M.D.N.C. 2009) (applying the mailbox rule when the plaintiff did not indicate when she received her right to sue letter (citing *Baldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723 (1984))).

Plaintiff's second right to sue letter was mailed on February 16, 2017. Applying the mailbox rule, Plaintiff received the letter on February 19, 2017. From that date, Plaintiff had ninety days to file her lawsuit- on or before May 20, 2017. Because May 20, 2017 was a Saturday, Plaintiff had until the following business day, May 22, 2017, to file suit.[12] Plaintiff filed suit on that date, making her suit timely.

---

[12] Federal Rule of Civil Procedure 6(a)(1)(c) provides that in computing this ninety day period, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. Proc. 6(a)(1)(c).

11

### C. Plaintiff exhausted her sex discrimination claim

Plaintiff's Complaint alleges that Defendant discriminated against her on the basis of race, religion, and sex. (ECF No. 1). Defendant argues that Plaintiff's discrimination claim based on sex is outside the scope of her Charge, and therefore she failed to exhaust her administrative remedies as to that claim. As discussed above, "[a] plaintiff's subsequent lawsuit can advance only those claims stated in the EEOC charge, claims reasonably related to those stated in the charge, and those developed by a reasonable investigation of the charge." *Baiden-Adams v. Forsythe Transp., Inc.*, 969 F.Supp.2d 422, 428 (E.D. Va. 2013) (citing *Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 963 (4th Cir. 1996)).

Defendant argues that Plaintiff did not advance a sex discrimination claim before the EEOC because she did not check the box labeled "sex" on the EEOC Charge and "the substance of the Charge fails to include any allegation of sex discrimination." (ECF No. 10 at 8.) First, this Court notes that "[t]he exhaustion inquiry depends not on the broad terms of the boxes on the EEOC charge but instead whether 'reasonable investigation of [the plaintiff's] administrative charge would have uncovered the factual allegations set forth in formal litigation.'" *Baiden-Adams*, 969 F.Supp.2d at 428 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 512 (4th Cir. 2005)). Rather, "a plaintiff fails to exhaust his administrative remedies where . . . [the] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit." *Chacko*, 429 F.3d at 506. Here, although Plaintiff only checked the boxes for discrimination based on race and religion, the particulars of her Charge allege the disparate treatment between herself and Rich Robbins, who she identifies as a male through her use of the pronoun "he." (ECF No.

8-2 at 2.) Consistent with Plaintiff's description on the Charge, the Complaint alleges sex discrimination based in part on her allegation that she was fired because of her observance of Sukkot, but Robbins, who also took off work that day, was not fired. Given that the Charge alleges the same time frame and conduct as that alleged in the Complaint, Plaintiff advanced a sex discrimination claim in her EEOC Charge, and therefore exhausted her administrative remedies.

## II. Plaintiff's Title VII Claims

Plaintiff Levika Gray-Koyier alleges race, sex, and gender discrimination (Count I) and failure to provide reasonable accommodation (Count III) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. For the above stated reasons, this Court evaluates whether Plaintiff has plausibly pled her claims considering only conduct that occurred on or after October 30, 2012.

### A. Plaintiff has failed to establish a *prima facie* case of race, religion, or gender discrimination as claimed in Count I

Where, as here, the record contains no direct evidence of discrimination, a Title VII discrimination claim is analyzed under the burden-shifting scheme established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first make out a *prima facie* case of discrimination. If a *prima facie* case is established, the burden of production then shifts to the defendant to offer a legitimate, non-discriminatory reason for its adverse employment action. *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996). If the employer fulfills this reciprocal duty, the burden reverts back to the plaintiff to establish that the defendant's proffered

reason is pretextual and that her or his termination was instead motivated by his race, sex, or religion. S*ee St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993).

An employee establishes a *prima facie* case of discrimination under Title VII by showing that (1) she or he is a member of a protected class; (2) her or his job performance was satisfactory; (3) she or he was subjected to an adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment. *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007); *see also Prince–Garrison v. Md. Dep't of Health & Mental Hygiene*, 526 F.Supp.2d 550, 554 (D. Md. 2007) (citing *McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000)). "The central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.'" *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md. 2007) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

Gray-Koyier has clearly satisfied the first prong of a *prima facie* case, membership in a "protected class." The parties do not dispute that Plaintiff is a member of a protected class as a Black female practicing the Jewish faith. Likewise, there is no dispute that Gray-Koyier suffered an "adverse employment action" when she was terminated from her position on November 1, 2012. Therefore, the third prong has also been met.

Plaintiff has failed, however, to meet the second prong because she does not allege any facts showing that she performed her job satisfactorily. The Complaint alleges that "during the entire period of Plaintiff's employment, the Plaintiff's work was highly acceptable and satisfactory." (ECF No. 1 at ¶¶ 47, 54.) Absent any facts, even at the pleading stage this conclusory allegation does not rise above the level of speculation. *See Johnson v.*

*United Parcel Service, Inc.*, No. RDB-14-4003, 2015 WL 4040419, at *8 (D. Md. June 30, 2015) ("Although [the plaintiff] alleges that, "[d]uring all relevant times of the Complaint, Plaintiff performed her duties in a satisfactory manner," such conclusory statements do not permit the plaintiff's claim to "rise above speculation." (*quoting Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010))); *see also Lambert v. Whiting Turner Contractor*, No. 1:15-cv-958-GBL-MSN, 2016 WL 2946176, at *4 (E.D. Va. May 19, 2016) ("Plaintiff's Complaint lists no facts that support a finding that, at the time of his termination, Plaintiff was performing his job satisfactorily and meeting his employer's legitimate expectations.")

Furthermore, Gray-Koyier has not pled sufficient facts to satisfy the fourth prong of establishing a *prima facie* case of discrimination. Specifically, there is insufficient allegation that similarly situated employees outside of her class received more favorable treatment. First, Gray-Koyier does not allege that after October 30, 2012, any employee at Gladding, including Rich Robbins, the Caucasian male employee, received favorable treatment that Plaintiff did not receive. The only discriminatory conduct that Plaintiff alleges in support of her claim is her termination. The Complaint fails, however, to allege that Gladding displayed more favorable treatment to Robbins or any other male employee by firing Gray-Koyier. Second, Gray-Koyier has not shown that Robbins is a similarly situated employee. Because Plaintiff's allegations are based entirely upon a comparison to Rich Robbins, to satisfy the fourth prong she "'must demonstrate that the comparator was similarly situated in all relevant respects.'" *Silah v. Burwell*, 244 F.Supp.3d 499, 512 (D. Md. 2017) (quoting *Johnson v. Baltimore City Police Dep't*, No. ELH-12-2519, 2014 WL 1281602, at *19 (D. Md. Mar. 27, 2014)). "'Such a showing would include evidence that the employees 'dealt with the same

supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.'" *Id.* (quoting *Haywood v. Locke*, No. 09-1604, 387 Fed. App'x. 355, 359 (4th Cir. 2010)); *Kelley v. United Parcel Service, Inc.*, No. 12-2343, 528 Fed. App'x 285, 287 (4th Cir. 2013). The Complaint itself, however, alleges that Robbins and Plaintiff are not true comparators given that Plaintiff was employed as a Customer Relations Manager while Robbins was a Sales Consultant. (ECF No. 1 at ¶¶ 12, 20.) In addition, Plaintiff does not allege that she and Robbins performed the same work or were both supervised by Maystek. Accordingly, Plaintiff's claims do not plausibly allege that similarly situated individuals received more favorable treatment. Because Plaintiff has failed to state a discrimination claim based on sex, gender, or religion under Title VII, Count I is DISMISSED.

### B. Plaintiff has failed to establish a *prima facie* case of failure to provide reasonable accommodation as claimed in Count III

Courts also employ the burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) for religious accommodation cases. *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008). To establish a *prima facie* case for failure to provide religious accommodation, a plaintiff must show "that '(1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she informed the employer of this belief; [and] (3) he or she was disciplined for failure to comply with the conflicting employment requirement.'" *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008) (quoting *Chalmers v. Tulon Co. of Richmond*, 101 F.3d 1012, 1019 (4th Cir. 1996)); *Abdelkader v. Sears, Roebuck & Co.*, 780 F.Supp.2d 389, 394 (D. Md. 2011). Once

a *prima facie* case is established, "the burden shifts to the employer to show that it could not [reasonably] accommodate the plaintiff's religious needs without undue hardship." *Chalmers*, 101 F.3d at 1019.

As discussed *supra*, only conduct occurring after October 30, 2012, can support Plaintiff's failure to accommodate claim. Therefore, the only discipline this Court can consider under prong three is Plaintiff's termination, and to survive a motion to dismiss Plaintiff must allege facts sufficient to make a *prima facie* showing that she was terminated for failing to comply with a conflicting employment requirement. Accepting all of the Complaint's allegations as true, Plaintiff has failed to do so. While the Complaint vaguely asserts that Plaintiff "observe[d] other Jewish holidays," the only holiday the Complaint actually states Plaintiff missed work for is Sukkot on October 1, 2012. (ECF No. 1 at ¶ 27.)[13] The Complaint then alleges that "Gladding Chevrolet ignored Plaintiff's minor accommodation request to observe Sukkot and other Jewish holidays and as a result, she was . . . eventually terminated." (*Id.* at ¶ 50.) These allegations are insufficient to make a showing of causation.

In *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010), *aff'd on other grounds,* 566 U.S. 30 (2012), the United States Court of Appeals for the Fourth Circuit considered similar allegations in the context of the causation requirement for a retaliation claim.[14] The court upheld the district court's dismissal of the claim for failure to allege a causal link between the plaintiff's race and his termination when "although [the plaintiff's]

---

[13] Although Plaintiff alleges that she received a written reprimand when she returned to work on October 2, 2012, Plaintiff failed to exhaust her administrative remedies for a claim based on that employment action.
[14] The elements of a *prima facie* retaliation claim under Title VII are: "(1) engagement in a protected activity; (2) adverse employment action; and (3) a causal link between the protected activity and the employment action." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190-91 (4th Cir. 2010).

17

complaint conclusorily allege[d] that [the plaintiff] was terminated because of his race, it d[id] not assert facts establishing the plausibility of that allegation." *Id.* at 190-91. The additional allegation that Plaintiff took off to observe a Jewish holiday one month before being terminated, without more, is insufficient even at the pleading stage to raise her claim above the level of speculation. Accordingly, Plaintiff has failed to state a claim for failure to accommodate and Count III of the Complaint is DISMISSED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 4) is GRANTED and Plaintiff's claims are DISMISSED.

A separate Order follows.


Dated:　　　October 30, 2017　　　　　　　　　　/s/　　　　　　　　　　

　　　　　　　　　　　　　　　　　　　　　　Richard D. Bennett
　　　　　　　　　　　　　　　　　　　　　　United States District Judge