IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEVIKA GRAY-KOYIER,

    Plaintiff,

    v.

GLADDING CHEVROLET, INC.,

    Defendant.

Civil Action No.: RDB-17-1409

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

In a Memorandum Opinion and Order dated October 30, 2017, this Court granted Defendant Gladding Chevrolet, Inc.'s Motion to Dismiss Plaintiff Levika Gray-Koyier's Complaint alleging violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (ECF Nos. 14, 15.) Now pending before this Court is *pro se* Plaintiff's Motion to Reconsider (ECF No. 16) and Plaintiff's Motion for Extension of Time to file a Response to Defendant's Motion to Dismiss (ECF No. 17). For the reasons that follow, Plaintiff's Motions (ECF Nos. 16, 17) are DENIED.

Plaintiff filed her Complaint on May 22, 2017. (ECF No. 1.) At that time, she was represented by counsel. (*Id.*) On July 24, 2017, Defendant filed a Motion to Dismiss. (ECF No. 4.) Plaintiff, still represented by counsel, timely filed a Response in Opposition on August 21, 2017. (ECF No. 8.) Subsequently, on October 4, 2017, Plaintiff's counsel filed a Motion to Withdraw Appearance (ECF No. 11), citing irreconcilable differences, which this

1

Court granted (ECF No. 12). Later that month, this Court also granted Defendant's Motion to Dismiss, dismissing Plaintiff's claims without prejudice. (ECF Nos. 14, 15.) On December 4, 2017, Plaintiff filed her Motion to Reconsider (ECF No. 16) and Motion for Extension of Time to file a Response to Defendant's Motion to Dismiss (ECF No. 17).

Under Rule 60(b), this Court has discretion to relieve a plaintiff from a final order when any of the following can be shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion for reconsideration is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Plaintiff's Motion for Reconsideration cites none of the above grounds for why this Court should relieve her from the final order granting Defendant's Motion to Dismiss. Rather, she generally alleges that there has been a delay in the transfer of her case files from her former counsel to prospective counsel she is currently seeking. Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 16) is DENIED.

Plaintiff also filed a Motion for Extension of Time to file a Response to Defendant's Motion to Dismiss. (ECF No. 17.) While represented by counsel, this Court granted Plaintiff a Motion for Extension of Time to file a Response to the Motion to Dismiss. (ECF No. 6.) Subsequently, Plaintiff in fact filed a Response. (ECF No. 8.) Accordingly, this Motion (ECF No. 17) is also DENIED.

Accordingly, IT IS HEREBY ORDERED this 5th day of December, 2017, that Plaintiff's Motion to Reconsider (ECF No. 16) and Plaintiff's Motion for Extension of Time to file a Response to Defendant's Motion to Dismiss (ECF No. 17) are DENIED. The Clerk of this Court SHALL TRANSMIT a copy of this Memorandum Order to the Parties and Counsel of record.

\_\_/s/_____

Richard D. Bennett
United States District Judge